UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS

| | |
|---|---|
| LIBERTY CHURCH OF THE ASSEMBLIES OF GOD ) ) ) | |
| SAMUEL ROCHA ) Plaintiffs ) ) | |
| v. ) ) ) | Case No. 20-10274 |
| MICHAEL POMPEO, ) US Secretary of State ) KEN CUCCINELLI, ) Director, USCIS; ) CHAD WOLF, Secretary, ) Department of Homeland Security; ) WILLIAM BARR, ) Attorney General; ) ) | |

**PLAINTIFFS' ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS**

NOW COMES the Plaintiffs, in the above-mentioned and numbered cause of action and would show unto the Court the following:

1. This action is brought against the Defendants to compel action on an approved I-129R visa application filed by the Plaintiff, Liberty Church Assemblies of God [Liberty Church] for Religious [R-1] visa status for Plaintiff, Samuel Rocha. Mr. Rocha is the beneficiary of an approved I-129R visa application WAC1804050105, through Liberty Church. The Defendants have arbitrarily and capriciously denied said visa application to the Plaintiffs' detriment.

# PARTIES

2. Plaintiff, Liberty Church, is a Massachusetts religious nonprofit corporation with primary place of religious service in Shrewsbury, Massachusetts.

3. Plaintiff, Samuel Rocha, was approved for R visa status and is an employee of Liberty Church.

4. Defendant Michael Pompeo is the Secretary of State and this action is brought against him in his official capacity. Secretary Pompeo is responsible for the administration and adjudication of immigrant visas filed abroad. Secretary Pompeo is properly named as a Defendant because the U.S. consulate has the duty to properly process the Plaintiff's I-129R application.

5. Defendant Ken Cuccinelli is the Director of the U.S. Citizenship and Immigration Services ("USCIS ") and is responsible for administration of immigration benefits and services including the processing of applications for immigrant visas and asylum petitions. The USCIS oversees the activities of the individual Service Centers.

6. Defendant Chad Wolf is the Secretary of the United States Department of Homeland Security ("DHS"). He is charged with, among other things, administering the USCIS and the implementation and enforcement of the Immigration and Nationality Act, 8 USC § 1101 *et seq.* ("INA"). As a result of this position, Secretary Wolf has the ultimate decision-making authority over all matters alleged in this petition. 8 USC § 1103 (a)(1)-(6).

7. Defendant William Barr is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC §1103(a). USCIS is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

## JURISDICTION

8. Jurisdiction in this case is proper under 28 USC § 1361 ("Mandamus Act") and 5 USC § 551 ("Administrative Procedures Act"). Relief is requested pursuant to these statutes.

9. The Federal Court had subject matter jurisdiction to hear this case as there is a claim that arises "under the Constitution, laws, or treaties of the United States," and is thus within the jurisdiction granted to the district courts under 28 U.S.C. § 1331.

## VENUE

10. Venue is proper in this court, pursuant to 28 USC § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District of Massachusetts, where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred and where Defendants have agents.

## EXHAUSTION OF REMEDIES

11. The Plaintiff has exhausted his administrative remedies. The Plaintiff has provided all necessary information in order for the Defendants to make a proper decision on his application. To date, Plaintiff has been unable to secure a visa to allow Mr. Rocha to return to the United States.

## CAUSE OF ACTION

12. This action is brought against the Defendants to compel action on the I-129R visa application properly filed by the Plaintiff, Liberty Church. Liberty Church filed an I-129R visa application for the Plaintiff, Samuel Rocha, Receipt number WAC1804050105. Mr. Rocha has been serving the church on the R visa since its approval.

13. In November 2019, Mr. Rocha travelled to Brazil in order to get engaged. Mr. Rocha appeared at the Rio de Janeiro Consulate to place the visa sticker in his passport to allow him to return to the United States. The officer denied his request without giving specific grounds under INA section 214(b) and told him there was no appeal without delineating any specific grounds.

14. Mr. Rocha went to another interview at the Brasilia Consulate in December 2019 with a letter from his attorney and additional documentation. See Exhibit. The officer **refused to look at any supporting documents** of ties to Brazil saying he has been in the USA for five years and they believe he has no intention of returning to Brazil. She said that "he can come back to tomorrow, next week or next month and the decision will not change."

15. The officer denied Mr. Rocha's visa for unsubstantiated reasons as the Petitioner and Beneficiary have met all the requirements for R visa status as reflected in his approval notice. It is important to note that Mr. Rocha never violated his nonimmigrant status.

16. Mr. Rocha has an approved change of status to an R visa which expires in December 2020. Mr. Rocha has the required 2 year membership in Liberty Church prior to his application and has actually been serving on an R visa since his approval. The approval of the R visa by the USCIS demonstrates that Mr. Rocha has met all the requirements for the occupation and the denial is a clear contradiction. Mr. Rocha has been approved as the Director of Music and Media for the church. As such, he has been responsible for serving and directing several worship ministries and is an integral part of the church services. Through his role, he has expanded the department to 57 active members. Wherefore, it is evident that the Officer has used unlawful reasons to deny this visa application.

17. The regulations state that R visa applicants can have dual intent and only require an intention to depart the United States at the conclusion of their R visa status, but does not require applicants to have a residence abroad. See 9 FAM 402.16-6.

18. The Regulations state:

    a. An R applicant is presumed to be an immigrant until he or she establishes to your satisfaction that he or she is entitled to R nonimmigrant status. The standards for applying 214(b) described at 9 FAM 302.1-2(B)(4) apply to R applicants. Under 8 CFR 214.2(r)(15), ==R status requires an intention to depart the United States upon the expiration or termination of R status. However, an applicant for an R visa does not have to have a residence abroad which he or she does not intend to abandon.==

    b.    Further, "dual intent' is permissible for R visa holders, meaning that DHS has determined that a filed or approved request for permanent labor certification or the filing or approval of an immigrant visa preference petition may not be the sole basis for denial of R status.  The alien may come to the United States for a temporary period as an R nonimmigrant and depart voluntarily at the end of his or her authorized stay and, at the same time, lawfully seek to be become a permanent resident of the United States.

    c. A refusal under INA 214(b) is appropriate in situations where you conclude that the applicant does not intend to depart the United States upon conclusion of R status. **9 FAM 402.16-6  214(B) REFUSALS AND R NONIMMIGRANTS** *(CT:VISA-952;   10-17-2019).*

19. Wherefore, it is evident that the Officer has used **<u>unlawful reasons</u>** to deny this visa application. The applicant is not required to present evidence of ties to the home country nor may the officer deny this case solely on this basis. The Applicant has stated his intent to depart the United States after the expiration of his R visa status. This meets the requirements. Furthermore, Mr. Rocha has presented multiple affidavits and documents showing his ties to Brazil including his family's and fiancee's family's ownership of properties.

20. Most disturbing, the officer refused to review such substantial evidence of ties in making the decision.

21. The Defendants have improperly withheld action on said applications to the Plaintiffs' detriment.

22. The Defendants, in violation of the Administrative Procedures Act, 5 USC § 551 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiffs' petition and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

23. The Administrative Procedure Act (APA), also gives a court power to "hold unlawful and set aside not only agency action that is 'arbitrary' or 'capricious,' but also agency action that is 'otherwise not in accordance with law' or is 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.'" *Cousins v. Sec'y of the United States Dep't of Transp.,* 880 F.2d 603, 608 (1st Cir.1989).

24. The denial of a visa implicates the constitutional rights of Plaintiff. See, e.g., *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972); *Adams v. Baker*, 909 F.2d 643, 647-48 (1st Cir.1990); *Burrafato v. United States Dep't. of State*, 523 F.2d 554, 556-57 (2d Cir.1975); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1163 (D.C.Cir.1999). The government has failed to provide a "facially legitimate and bona fide reason" for the alien's exclusion in accordance with the principles of *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972).

25. The consular power to exclude non-citizens is broad, but it is subject to constitutional limitations. Like all government powers, the immigration power must be exercised consistent with the Constitution and the Bill of Rights. *Fong Yue Ting v. United States*, 149 U.S. 698, 712 (1893). (immigration power must be exercised "consistent[ly] with the Constitution"); *The Chinese Exclusion Case*, 130 U.S. 581, 604 (1889) (immigration power limited "by the [Constitution itself").

26. In both *Adams v. Baker*, 909 F.2d 643 (1st Cir. 1990), and *Allende v. Shultz*, 845 F.2d 1111 (1st Cir. 1988), the First Circuit accepted jurisdiction over First Amendment challenges to visa denials. The denial of the visa was overturned where the government failed to provide facially legitimate and bona fide reasons for exclusion. *Id*. In this case, the government's actions were outrageously arbitrary and discriminatory.

27. "[T]he Due Process Clause provides that certain substantive rights-life, liberty, and property-cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

28. The Plaintiffs pray that this Honorable Court compels the Defendants to take proper and immediate action on said application.

29. The Plaintiff has been greatly damaged by the failure of Defendants to act in accordance with their duties under the law.

    a. The Plaintiff, Liberty Church, has been suddenly and unjustly deprived of the benefit of its approved visa application. Mr. Rocha was a vital component of the operation of the church.

    b. The Plaintiff has been suddenly and unduly unable to establish church

    services finding it a challenge to find volunteers to help in areas that Mr. Rocha was serving.

30. Accordingly, the Plaintiffs have been forced to retain the services of an attorney to pursue the instant action.

## PRAYER

31. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    (a)   Requiring Defendants to act on Plaintiff's application and issue his visa.

    (b)   Awarding Plaintiffs reasonable attorney's fees; and

    (c)   Granting such other relief at law and in equity as justice may require.

Date:      02/12/2020
Location:  Framingham, MA

                                        Respectfully submitted,

                                        /s/ Audrey Botros
                                        /s/ Saher Macarius
                                        Law Office of Saher J. Macarius
                                        21 Walsh St.
                                        Framingham, MA 01701
                                        Phone: (508) 879-4443
                                        BBO#567460